**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Ave, Fl 17
New York, New York 10022
Telephone: 212-492-2500
Facsimile: 212-492-2501
www.ogletree.com

Simone R. D. Francis
(340)714-5510
simone.francis@ogletree.com

June 23, 2025

<u>**VIA ECF**</u>:

Robyn F. Tarnofsky
United States Magistrate Judge
U.S. District Court - Southern District of New York
500 Pearl Street, Room 703
New York, NY 1007

    Re:    Richard Becker v. Lenovo Global Technology (United States), Inc.
            Case No. 24-cv-07683-DEH-RFT

Dear Judge Tarnofsky:

    In accordance with Section III B of the Court's Individual Practices in Civil Cases (the "Individual Rules") and the Court's ruling at the June 5, 2025 conference (ECF 28), the parties respectfully request that the Court enter an order approving the enclosed Confidentiality Stipulation and Proposed Protective Order.

    Respectfully,

/s/ *Simone R. D. Francis*

Simone R. D. Francis
Jamie Haar

Counsel for Lenovo Global Technology (United States), Inc.

Atlanta ▪ Austin ▪ Berlin(Germany) ▪ Birmingham ▪ Boston ▪ Buffalo ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Fresno ▪ Greenville
Houston ▪ Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Munich (Germany) ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Washington

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD BECKER,<br><br>                    Plaintiff,<br><br>          v.<br><br>LENOVO GLOBAL TECHNOLOGY (UNITED STATES) INC.,<br><br>                    Defendant. | Case No.: 24-cv-07683 (DEH)(RFT)<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, provides a commercial advantage or otherwise sensitive non-public information, including medical information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this litigation only and may not be used in other lawsuits or for any business, commercial or competitive purposes.

3. In the event a party challenges the producing party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Information until ordered otherwise by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees or contractors (including document discovery vendors) of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts, except the parties may not employ consulting or testifying experts that are current or former employees, consultants, advisors, or agents for any of the producing party's competitors, assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Fact witnesses, including deposition and trial witnesses, so long as used for purposes of this litigation;

  e. any other person agreed to by the parties; and

  f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court). The parties should meet and confer if any party claims that any document requires a designation of "For Attorneys' or Experts' Eyes Only."

  g. Notwithstanding the foregoing, Confidential Information shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation (each, a "Competitor"). If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Information to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

5. Prior to disclosing or displaying the Confidential Information to any of the persons indicated in 4(c), 4(d), or 4(e), counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A. Counsel of Record for the Receiving Party must retain each original executed document and, on written request, must provide copies to

Counsel of Record for all other Parties after the termination of this litigation or for other good cause shown.

6.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to subsequently designate such document or information as Confidential Information. If so designated after disclosure, the document or information (and all copies or summaries, thereof) shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.  The parties may redact (1) information that is privileged or protected from discovery as attorney work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information) ; (3) personally identifiable information, trade secrets, information about the commercial terms of contracts or agreements with customers, suppliers, or other business partners, negotiations in furtherance of any such contracts or agreements, information about product specifications or pricing, and any information as allowed by the Federal Rules of Civil Procedure, the S.D.N.Y. ECF Privacy Policy, or Individual Rules of the assigned Judge; and (4) personal information about non-parties that is not responsive to a discovery request.  A party redacting text shall indicate, on the face of the document or on a redaction and privilege log, the basis for the redaction (i.e., whether pursuant to the foregoing subsections 1, 2, 3, or 4).  Redactions of emails will not redact the subject line of the emails, unless the subject line is itself privileged or contains information described in this paragraph, in which only so much of the subject line will be redacted as may be needed. With respect to any redaction the parties agree that if the Receiving Party contests such redaction, the parties shall meet and confer to discuss in order to enable the Receiving Party to assess whether the redaction

is accepted, or whether an application to the Court or other relief is warranted as to any matters not resolved through direct discussions between the Producing Party and the Receiving Party.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

10. A producing party must give written notice to any receiving party when asserting a claim of privilege, work-product protection, or other legal ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

11. Without written permission from the Producing Party or Court order secured after appropriate notice to all interested persons, a party may not file or otherwise disclose Confidential Information in the public record in this action (or in any other action, such as an appeal). For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions  Subject to any rule or directive of the Court, until the Court renders a decision on any motion to seal, a party shall file Confidential Information, or a document, pleading, brief or memorandum containing Confidential Information, in redacted form.

12. At the conclusion of litigation, Confidential Information and any copies or summaries thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Information, including any copies of Confidential Information provided to persons required to execute Exhibit A (Affidavit), (2) confirms that the Receiving Party has taken reasonable efforts to ensure the destruction of any Confidential Information provided by the Receiving Party to persons required to execute Exhibit A, including reminding such persons of the obligations set forth in Exhibit A  and (3) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, drafts of filings, depositions, and deposition exhibits.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

If a Receiving Party is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Information by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Information. At the request of the party or non-party who produced or designated the material as Confidential Information, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Information. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Information. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Information, shall not constitute a violation of this Order.

14. This Order may be used by third parties producing documents in connection with this litigation. If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Information, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Information. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Information if the parties are unable to agree. Pending resolution of any dispute regarding

third party materials, the materials at issue shall continue to be treated as Confidential Information until ordered otherwise by the Court.

15.  In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Information until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

16.  By receiving Confidential Information, each Receiving Party acknowledges that the Receiving Party shall be subject to the jurisdiction of this Court for purposes of any proceedings related to the enforcement of this Order, that this Court shall have exclusive jurisdiction to enforce this Order, that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law, and that a Producing Party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

17.  This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court, and is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to amend or rescind the restrictions of this Order.

**SO STIPULATED AND AGREED.**

Dated: June 10, 2025

    New York, NY

/s/ Alex Sakin

| | |
|---|---|
| Counsel for Plaintiff<br>Alexander Sakin<br>LAW OFFICE OF ALEXANDER SAKIN, LLC<br>W. 37th Street, Suite 601<br>New York, New York 10018<br>Tel.: (917) 509-7573<br>Email: alex@sakin-law.com | /s/ Simone R. D. Francis<br>Counsel for Defendant<br>Simone R. D. Francis<br>Jamie Haar<br>OGLETREE DEAKINS NASH SMOAK & STEWART, PC<br>599 Lexington Avenue, 17th Floor<br>New York, New York 10022<br>Tel.: (212) 492-2500<br>Email: simone.francis@ogletree.com<br>Jamie.haar@ogletree.com |

**Date: June 24, 2025**
**New York, NY**

SO ORDERED

*[signature]*

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

RICHARD BECKER                                                      Case No.: 24-cv-07683

                Plaintiff,                                              **NON-DISCLOSURE AGREEMENT**

  -against-


LENOVO GLOBAL TECHNOLOGY

(United States) Inc.,



               Defendant.

---------------------------------------------------

    I, _____ , acknowledge pursuant to 28 U.S.C. § 1746 that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than those listed in the Confidentiality Stipulation and Protective Order and only for purposes of this litigation, and that at the conclusion of the litigation I will either return all Confidential Information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material and upon request, certify that I have done so. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of

the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____ , 20__

                                                      Signature

_____     _____